GUIDRY, Judge.
This suit stems from an automobile accident which occurred on January 26, 1990, in the city of New Iberia. Alice Hoofard, one of the plaintiffs, was operating a 1978 Lincoln Continental which was occupied by her mother-in-law, Madge McAffee. The Lincoln was stopped for a red light on East St. Peter Street. The defendant, Etta Soi-leaux, operating a Ford Van, pulled up behind the plaintiffs’ vehicle and brought her vehicle to a complete stop. After coming to a complete stop, Ms. Soileaux bent over to retrieve certain papers which had *290 fallen on the floorboard of her van. While she was bent over, her foot came off the brake and her vehicle rolled forward into the back of the Hoofard automobile. The force of the collision was very minor and no visible damage to either vehicle occurred. This matter was tried to a jury which found the defendant 100% negligent and awarded $10,000 in damages to Madge McAffee and $7,500 damages to Alice Hoo-fard. The damage awards above set forth included special damages of $2,502.31 to Madge McAffee and $1,965 in special damages to Alice Hoofard. The jury did not award Calvin Hoofard, Alice’s husband, any damages for loss of consortium. The plaintiffs then moved for an additur and, in the alternative, a new trial, both of which were denied. Plaintiffs then appealed.
MADGE McAFFEE
The record reflects that Mrs. McAffee had a long history of prior medical problems including obesity (weight 270-290), diabetes, congestive heart failure, hypertension, a hip replacement, a shortened leg, degenerative arthritis and a long standing back problem. As a result of her many ailments, Mrs. McAffee was almost constantly in a wheel chair since the year 1982. In March 1990, Mrs. McAffee was diagnosed by Dr. Louis Blanda, an orthopedic surgeon, as having a disc herniation at the L4-5 level and spondylolisthesis at L5-S1. Dr. Blanda testified that the neurological deficit resulting from the disc herniation was very mild. He recommended conservative treatment and advised against surgery. Dr. Blanda testified that Mrs. McAf-fee’s functional disability was the same before and after the accident.
ALICE HOOFARD
The record reflects that Mrs. Hoofard, at the time of accident and at the time of trial, was “morbidly obese”, weighing approximately 300 pounds. Mrs. Hoofard had a rather extensive medical history prior to the accident, suffering from thrombophle-bitis in her leg, hypertension and recurrent bronchitis with asthma. As a result of her medical condition, Mrs. Hoofard was completely disabled prior to the accident. Mrs. Hoofard was likewise diagnosed by Dr. Louis Blanda as having a disc herniation at L5-S1. Dr. Blanda testified that Mrs. Hoo-fard suffered no significant neurological deficit and there was no significant pressure on the spinal cord resulting from this herniation. He recommended conservative treatment and advised against surgery.
OPINION
The central fact issue in this case is whether the plaintiffs each suffered a herniated disc as a result of the accident. In this regard, the evidence is in conflict. One view of the evidence supports such finding. The other is that they did not; that their discs, like their myriad other complaints, were of long standing. Obviously, the jury chose between these two permissible views of the evidence in making their award. Where there are two permissible views of the evidence, the factfin-der’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no clear error in this determination and affirm finding, under the circumstances, that the quantum award is neither inadequate nor excessive.
The judgment of the trial court is affirmed. Plaintiffs-appellants are assessed with all costs of this appeal.
AFFIRMED.